### (February 20, 1964)

■ In the Matter of the Claim of SOLOMON FINN, Appellant, v. MERRITT, CHAPMAN & SCOTT et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the claimant from a decision of the Workmen's Compensation Board denying benefits on the ground that no industrial accident had been established. Appellant, a general laborer, testified that while at work on

June 9, 1960, he "got a shoe full of dirt and sand" and that that evening while taking a bath he removed a particle of dirt or grit which had become imbedded in his right big toe. Appellant continued to work but the toe commenced to get sore and on June 23, 1960, he sought medical attention. Because of an underlying diabetic condition, the infection persisted despite efforts to treat it, and, in fact, appellant's physician testified on December 16, 1960, that his condition was getting progressively worse. This physician expressed an opinion favorable to appellant on the issue of causal relationship. Respondents produced no witnesses and rested at the conclusion of appellant's case. While the existence of the underlying diabetic condition is not dispositive (*Matter of Walters* v. *U. S. Vitamin Corp.*, 11 A D 2d 280, affd. 10 N Y 2d 924; *Matter of Sliwinski* v. *Sacred Heart R. C. Church,* 1 A D 2d 856), nevertheless, the burden of proof was on the claimant to establish that there was an accidental injury connected with employment (*Matter of Rothschild* v. *Flatbush Jewish Center,* 18 A D 2d 1045). Questions of credibility are, of course, within the province of the board. "The board was not bound as a matter of law to accept claimant's testimony and by rejecting his testimony 'denuded the record of proof connecting the accident with the employment.'" (*Matter of Scarpullo* v. *Alba Barber Shop,* 18 A D 2d 1122.) "The disbelief by the board of an assertion of this kind is not an absence of substantial evidence in support of a negative finding." (*Matter of Rothschild* v. *Flatbush Jewish Center, supra,* p. 1045.) The findings made in this case are within the fact-finding power of the board. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.